UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHRISTOPHER HICKEY,

    Petitioner,

v.                             CAUSE NO.: 3:18-CV-608-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Christopher Hickey, a prisoner without a lawyer, filed a habeas corpus petition challenging the revocation of his parole. Mr. Hickey was charged with a new criminal offense and, as a result, he was arrested for a parole violation pursuant to a December 11, 2016, warrant.[1] Before this court can consider a habeas corpus petition challenging a State proceeding, the petitioner must have previously presented his claim to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, Receveur v. Buss, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate

---

[1] Mr. Hickey received a 13-year sentence for burglary in Starke County under cause number 75C01-0807-FB-000012. He was released on parole less than three months before he was charged with burglary and theft under 66D01-1611-F5-00067. (ECF 1-1 at 2.)

is seeking immediate release. Lawson v. State, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). If a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. Hardley v. State, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); Ward v. Ind. Parole Bd., 805 N.E.2d 893 (2004).

The record before this court is confusing, but one thing is clear: Mr. Hickey hasn't presented these claims to the Indiana Supreme Court. In fact, his parole hasn't been formally revoked at this time – no hearing will take place until the pending criminal case is resolved. Mr. Hickey hasn't exhausted his State court remedies and this case must be dismissed without prejudice so that he can exhaust this claim in the state courts. If, after he has ultimately presented his claim to the Indiana Supreme Court, he hasn't yet obtained relief, he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Hickey has at least one year from when his parole is revoked to seek federal habeas review. *See* 28 U.S.C. § 2244(d)(1). Filing a motion for post-conviction relief in the state courts will toll the one-year limitations period. *Id.* § 2244(d)(2). Therefore, dismissing this petition won't effectively end Mr. Hickey's chance at federal habeas corpus review, and a stay isn't appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, this court must consider whether to grant or deny a certificate of appealability. To obtain a

2

certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As previously explained, the claim Mr. Hickey presents is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons:

(1) the petition is DISMISSED WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted;

(2) a certificate of appealability is DENIED pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) the Clerk is DIRECTED to close this case.

SO ORDERED on September 17, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT